1  PATRICIA H. LYON, State Bar No. 126761
   CELINE MUI SIMON, State Bar No. 267786
2  FRENCH & LYON
   Attorneys At Law
3  A Professional Corporation
   One Sansome Street, Suite 750
4  San Francisco, CA  94104
   Telephone:  415-597-7800
5  Facsimile:  415-243-8200
   csimon@frenchandlyon.com
6
   Attorneys for Secured Creditor,
7  U.S. Bank National Association, as
   Trustee of the Lehman Brothers Small
8  Balance Commercial Mortgage Pass-Through
   Certificates 2006-1 by Ocwen Loan Servicing,
9  LLC its Attorney-in-Fact

10              UNITED STATES BANKRUPTCY COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12  In re:                           ) Case No.: 12-53036
                                     )
13                                   ) Chapter 11
                                     )
14  HASSAN DASTGAH,                  ) **STIPULATION TO PLAN TREATMENT**
                                     ) **OF U.S. BANK'S CLAIM (552-560 SOUTH**
15                                   ) **BASCOM AVENUE, SAN JOSE, CA)**
            Debtor.                  )
16                                   ) Hearing:
                                     ) Date:   December 14, 2012
17                                   ) Time:   2:30 p.m.
                                     ) Judge:  Hon. Arthur S. Weissbrodt
18                                   ) Place:  Courtroom 3020
                                     )
19                                   )
                                     )
20

21       This Stipulation to Plan Treatment of U.S. Bank's Claim (552-560 South Bascom

22  Avenue, San Jose, CA) ("Stipulation") is entered into by and between Secured Creditor U.S.

23  BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN BROTHERS SMALL

24  BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES

25  2006-1 BY OCWEN LOAN SERVICING, LLC, ITS ATTORNEY-IN-FACT ("Bank") on the

26  one hand, and Debtor HASSAN DASTGAH ("Debtor") on the other hand, by and through their

27  respective counsel of record.  This Stipulation is entered with references to the following recitals:

28

-1-
STIPULATION TO PLAN TREATMENT (552-560 SOUTH BASCOM AVE, SAN JOSE)
CASE NO.: 12-53036

Case: 12-53036   Doc# 65   Filed: 12/06/12   Entered: 12/06/12 14:21:27   Page 1 of 5

1     A.     The Bank is the holder of a Promissory Note in the original principal amount of $1,775,000.00 ("Note") executed by Debtor and his wife, Zohreh Dastgah, in favor of Lehman Brothers Bank, FSB ("Lehman"), as the original lender.

    B.     The Note is secured by a Deed of Trust recorded on December 1, 2005 as Document No. 18701414 of the Official Records of the County of Santa Clara, California, and covering that certain real property generally described as 552-560 South Bascom Avenue, San Jose, California ("Property"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit "A" and is incorporated herein by this reference.

    C.     The Deed of Trust was assigned to the Bank by Lehman pursuant to that certain Assignment of Deed of Trust recorded on June 22, 2009 as Document No. 20303477 in the Official Records of the County of Santa Clara, California. A true and correct copy of the Assignment of Deed of Trust is attached hereto as Exhibit "B" and is incorporated herein by this reference.

    D.     Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on or about April 23, 2012.

    E.     On August 7, 2012, the Bank filed a Proof of Claim against Debtor's Property in the amount of $2,036,717.40, listed on the Claims Register as Claim No. 9.

    F.     On September 7, 2012, Debtor filed a Proposed Combined Plan of Reorganization and [Tentatively Approved] Disclosure Statement, listed on the Case Docket as Document No. 48.

    G.     On October 8, 2012, the Bank filed its objection to Debtor's Disclosure Statement, listed on the Case Docket as Document No. 55.

    H.     As of October 29, 2012, the total estimated amount of the Bank's claim is $2,046,000. The actual total claim amount will be calculated as of the date of confirmation of the Plan and will include all interest at the default rate through the Petition Date, interest at the regular rate under the Note through the date of confirmation of the Plan, and all out-of-pocket costs and expenses, including without limitation attorneys' fees and costs incurred by the Bank through the confirmation date of the Plan (collectively, "Total Claim").

1. I. The Bank and the Debtor desire to avoid the delays and expenses caused by further litigation connected with the approval of the Disclosure Statement and confirmation of the Plan. Accordingly,

**IT IS HEREBY STIPULATED AS FOLLOWS:**

1. <u>Allowed Secured Claim</u>. Pursuant to 11. U.S.C. §506(a) and (b), the Property shall be valued at the aggregate amount of the Bank's total claim, including all outstanding principal, interest, late charges, collection costs, attorneys' fees and costs related to this Property, appraisal costs, and foreclosure costs pursuant to the terms of the Note through the Effective Date of the Plan ("Allowed Secured Claim"). Further, any additional reasonable attorneys' fees and costs incurred in connection with the Allowed Secured Claim from and after the Effective Date of the Plan (including without limitation attorneys' fees incurred in connection with the preparation of a notice of default under the Plan) shall be deemed allowed and shall be paid by Debtor on demand by the Bank. 100% of the Bank's Allowed Secured Claim shall be deemed allowed and fully secured.

2. <u>Application of Post-Petition Payments</u>. Any payments received by the Bank from the Petition Date to the Effective Date of the Plan shall be applied to the Allowed Secured Claim as follows: (a) first to any unpaid collection costs, including attorneys' fees, (b) then to any late charges, (c) then to any accrued unpaid interest, and (d) then to principal, pursuant to the terms under the Note and subject to changes in the interest rate therein.

3. <u>Amendment of Proof of Claim</u>. No later than thirty calendar (30) days after the Plan's Effective Date, the Bank shall amend its Proof of Claim No. 9 to include the total amount of the Bank's Allowed Secured Claim as of the Effective Date.

4. <u>Plan Payments</u>. The Bank's Allowed Secured Claim shall bear interest at the fixed rate of 6% per annum from the Effective Date of the Plan, and shall be payable in monthly installments of principal and interest, amortized over thirty (30) years ("Payments"). Payments shall commence on the 1st day of the calendar month following the Plan's Effective Date, and shall continue thereafter on the 1st day of every month through December 1, 2030 (the original maturity date of the Note), at which time all then outstanding principal, interest, fees, and costs,

shall be paid in full.

5. <u>Taxes and Insurance</u>. In addition to the monthly installments of principal and interest payable on the Allowed Secured Claim, the Debtor shall be responsible for the payment of property taxes assessed against the Property and shall also maintain insurance coverage for the Property in accordance with the terms of the Deed of Trust.

6. <u>Default</u>. In the event of a default under the Plan, the Bank shall provide a 10-day written notice of default via certified mail to:

> Hassan Dastgah
> 552 South Bascom Ave.
> San Jose, CA 95128

with a copy by email to Debtor's Attorney, Oxana Kozlov at okozlov@gmail.com. If Debtor fails to cure the default after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then the Bank may be permitted to exercise all of its rights and remedies under the Note and Deed of Trust without further order by or proceeding in this Court. The Bank's acceptance of a late or partial payment shall not act as a waiver of the Bank's rights hereunder or under the Note. In the event of a default under the Plan, including without limitation a non-monetary default, late charges and default interest may be assessed pursuant to the terms of the Note.

7. <u>Additional Terms</u>. Except as modified herein, all covenants and conditions of the Note and Deed of Trust shall remain in full force and effect and shall otherwise govern the treatment of the Bank's Allowed Secured Claim.

8. <u>Relief from Stay</u>. In the event that the Debtor's case is dismissed or converted to any other chapter under Title 11 of the Bankruptcy Code, the Bank shall retain its lien in the full amount due under the Note (including without limitation all principal, interest, attorneys' fees, costs, and charges incurred in connection with the Note and the enforcement thereof), and the automatic stay shall be terminated as to Debtor's interest in the Property without further notice, order, or proceeding of this Court.

9. <u>Terms of the Stipulation Control Plan Treatment</u>. The terms of this Stipulation may not be modified, altered or changed by the Plan, any confirmation order thereon, any

subsequently filed Amended Chapter 11 Plan of Reorganization and/or any confirmation order thereon without the express written consent of the Bank. Debtor shall amend the Plan to incorporate the terms herein no later than thirty (30) calendar days from the date of the Court's entry of an Order approving this Stipulation.

10. <u>Objection Withdrawn</u>. In consideration of the foregoing, the Bank's Objection to Debtor's Disclosure Statement is hereby withdrawn.

11. <u>Counterparts</u>. This stipulation may be signed and filed in counterpart and with faxed or electronic signatures.

SO STIPULATED.

SECURED CREDITOR:

Dated: December 5, 2012

FRENCH & LYON
A Professional Corporation

By: /s/ Patricia H. Lyon
Patricia H. Lyon
Attorneys for Secured Creditor,
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN BROTHERS SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1 BY OCWEN LOAN SERVICING, LLC, ITS ATTORNEY-IN-FACT

Dated: December 5, 2012

DEBTOR:

LAW OFFICE OF OXANA KOZLOV

By: /s/ Oxana Kozlov
Oxana Kozlov
Attorney for Debtor,
HASSAN DASTGAH