In re: Hassan Dastgah             Case No. 12-53036
                                  Chapter 11

_____/

**~~FIRST~~SECOND AMENDED PROPOSED COMBINED PLAN OF REORGANIZATION AND [TENTATIVELY APPROVED] DISCLOSURE STATEMENT (~~November 9, 2012~~January 7, 2013)**

**INTRODUCTION**

This is Debtor's ~~First~~Second Amended Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 14.8% of their allowed claims in quarterly payments over 20 quarters. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [date]. The court will hold a hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.  Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case.  Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.  Exhibit 3 shows Debtor's monthly income and expenses.  Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan.  Exhibit 5 shows Debtor's monthly income and expenses related to each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here.  You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts.  Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.  If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.  Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments.  Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

**PART 1: TREATMENT OF SECURED CREDITORS**

**Property to be Surrendered.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1A | JP Morgan Chase Bank | 22309 Stevens Creek Blvd. Cupertino, CA 95014 |
| 1B | JP Morgan Chase Bank | 22309 Stevens Creek Blvd. Cupertino, CA 95014 |

Debtor will surrender the above collateral on the Effective Date of the Plan.  The confirmation order will constitute an order for relief from stay.  Any secured claim is satisfied in

full through surrender of the collateral.  Any deficiency claim is a general unsecured claim treated in Part 2.  Creditors in these classes shall retain their interest in the collateral. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Strip Lien to Value of Collateral and Pay Over Time.**

| Class | Name of Creditor | Collateral | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| 1C | Wisam and Suehair Altowaiji | 552-560 South Bascom Ave. San Jose, CA 95128 | $150,000 | 5% | 1,186.19 |
|  |  |  |  |  |  |

Debtor contends that the value of the collateral is less than the amount of the claim.  Before confirmation, Debtor will obtain an order from the court determining the value of the above collateral.  Debtor will pay as a secured claim the amount equal to the value of the collateral.  Debtor will pay the above secured claim in full with interest from the Effective Date of the Plan through **180** equal monthly payments.  Payments will be due on the 15th day of the month, starting the first month after plan confirmation.  Any remaining amount due is a general unsecured claim treated in Part 2.  Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  The Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases will apply.  **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge.  The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

Individual Chapter 11
Second Amended Combined Plan & Disclosure Statement
July            (Version: 7/30, 2012                        /12)
January 7, 2013

Case: 12-53036   Doc# 72-1   Filed: 01/07/13   Entered: 01/07/13 18:06:28   Page 3 of 20

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1D | US Bank N.A. as Trustee | 552-560 South Bascom Ave. San Jose, CA 95128 | $2,036,717.40* | 6% | $12,211.15* | 215 month* |
| 1E | Santa Clara Tax Collector's Office | 552-560 South Bascom Ave. San Jose, CA 95128 | $87,666.69 | 18% | $2,226.16 | 60 months |

\* The parties ~~will be entering~~entered into a Stipulation clarifying the terms of the loan repayment under the Plan~~.~~, which provides in particular for potential adjustment in the amount of the monthly payment.  The Stipulation was approved by the court pursuant to the Court order, dated December 18, 2012, and the terms of the Stipulation are incorporated herein by this reference.

Debtor will pay the entire amount contractually due with interest through indicated above equal monthly payments, due the 15th day of the month, starting the first month after plan confirmation on the above secured claims.  Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge.  The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2(a).  Small Claims.**

| Name of Creditor | Amount of Claim | Amount to be Paid |
|---|---|---|
| Target N.A. | $69 | $69 |
| Asset Acceptance LLC | $202 | $202 |

Individual Chapter 11
Second Amended Combined Plan & Disclosure Statement
~~July~~            (Version: 7/30~~, 2012~~                       /12)
January 7, 2013

| Total: | | $271 |
|---|---|---|

This class includes any creditor whose allowed claim is $300 or less, and any creditor in Class 2(b) whose allowed claim is larger than $300 but agrees to reduce its claim to $300. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $300.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**Class 2(b). Other General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Quarterly Payment |
|---|---|---|---|---|
| Wisam and Suehair Altowaiji | $33,827.54 | N | $5,009 | $250 |
| FIA Cards (POCs # 4 & 5) | Total $21,110.28 ($9,171.37 and $11,938.91) | N | $3,126 | $156 |
| Advanta Bank Corporation (POC #8) | $13,370.52 | N | $1,980 | $99 |
| IRS | $1,019.96 | N | $151 | $8 |
| Chase Credit Cards | $8,096 | N | $1,199 | $60 |
| Sears Credit Cards | $2,300 | N | $341 | $17 |
| Pacific Bell Telephone Company | $644.10 | N | $95 | $5 |
| State Board of Equalization | $678.50 | N | $100 | $5 |
| Total | $81,046.90 | | $12,000 | $600 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Percent Plan.** Creditors will receive **14.8**% percent of their allowed claim in 20 equal quarterly installments, due on the 15th day of the month, starting first month after plan confirmation.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated below whether a particular claim is disputed.

**PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a) <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| Law Offices of Oxana Kozlov, Esq | $9,000 in addition to the retainer amount |
| | |

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| None | |
| | |

(c) <u>Tax Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made monthly, due on the 15th day of the month, starting the first month after plan confirmation.  To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)).  **Priority tax claimants are not entitled to vote on confirmation of the Plan**.

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| IRS | $2,992.02 | N/A | $2,992.02 | One-time payment upon plan confirmation |
| State Board of Equalization | $361.82 | N/A | $361.82 | One-time payment upon plan confirmation |

**PART 4:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

(a) <u>Executory Contracts/Unexpired Leases Assumed</u>.  Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder.  Post-confirmation obligations will be paid as they come due.  There are no pre-confirmation arrears to be paid through the plan.

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|

Individual Chapter 11
Second Amended Combined Plan & Disclosure Statement
July            (Version: 7/30, 2012              /12) January 7, 2013

Case: 12-53036    Doc# 72-1    Filed: 01/07/13    Entered: 01/07/13 18:06:28    Page 7 of 20

| | | | | |
|---|---|---|---|---|
| Maki's Swimming School | Monthly lease of two shops of the Debtor's Burbank Property to Maki's Swimming School | 0.00 | 10,133 | monthly |
| Burbank Savers | Monthly lease of one shop of the Debtor's Burbank Property to Burbank Savers | 0.00 | 600 | monthly |
| ~~Amir Dastgah~~Aliya Flowers | Monthly lease of the corner shop of the Debtor's Burbank Property to Aliya Flowers, business operated by Amir Dastgah | 0.00 | 4,000 | monthly |
| Virgin Enterprises Trading Co | Monthly lease of second floor office space of the Debtor's Burbank Property to | 0.00 | ~~1~~2,500 | monthly |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| None | |
| | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed assumed.

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**
(a) <u>Discharge</u>. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>. On the Effective Date, all property

of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) <u>Plan Creates New Obligations</u>. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**
(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to

obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) Remedies Upon Material Default. Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e) Claims not Affected by Plan. Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) Effect of Conversion to Chapter 7. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) Retention of Jurisdiction. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**
(a) Effective Date of Plan. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless

Individual Chapter 11
Second Amended Combined Plan & Disclosure Statement
~~July~~ (Version: 7/30~~, 2012~~ ~~/12)~~
January 7, 2013

Case: 12-53036   Doc# 72-1   Filed: 01/07/13   Entered: 01/07/13 18:06:28   Page 10 of 20

the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent

by first-class mail, postage prepaid and addressed as follows:

    Law Offices of Oxana Kozlov, Esq.
    649 Dunholme Way
    Sunnyvale, CA 94087


(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.


(i) <u>Deadline for § 1111(b) Election</u>. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.


Dated:_____ ~~11/09/2012~~1/07/2013_____

                          __/s/ Hassan Dastgah_____
                          Debtor

                          _____
                          Debtor

                          _____/s/ Oxana Kozlov_____
                          Attorney for Debtor

Individual Chapter 11
Second Amended Combined Plan & Disclosure Statement
~~July~~ _____ (Version: 7/30~~, 2012~~/12)
January 7, 2013
-12-

Case: 12-53036   Doc# 72-1   Filed: 01/07/13   Entered: 01/07/13 18:06:28   Page 12 of 20

**Attorney Certification**

I, ___Oxana Kozlov_____, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

None

I declare that the foregoing is true and correct. Executed this __~~9~~7___ day of __~~November~~January_____, 20__~~12~~13___.

/s/ Oxana Kozlov

Attorney for Debtor(s)

**Exhibit 1 - Events That Led To Bankruptcy**

The Debtor is, and at all relevant times was, a resident of the State of California, County of Santa Clara. He is the legal owner of the commercial property located at 552-560 S. Bascom Ave, San Jose, CA 95128 (the "Burbank Property"). The Burbank Property was purchased by the Debtors in 2002 and refinanced through Lehman Brothers Bank (the "Lender") in 2005. The bankruptcy petition was filed to save the Burbank Property from imminent foreclosure initiated by the Lender as the servicer for the loan transferee. The Debtor is current on his post-petition payment and intends to restructure and repay the debt through his reorganization plan.

The Debtor fell behind on his mortgage payments in 2009 when the property had not been generating sufficient rental income and due to some inadvertent lapse in insurance coverage that led to force placed insurance on the property, which the Debtor was unable to pay.

The Burbank Property is also encumbered by a second lien and the Debtor will be offering restructuring and repayment of the second lien under the plan. Last but not least, the Debtor fell significantly behind on his property tax obligations with respect to the Burbank Property and will be offering a 5-year repayment plan under his reorganization plan.

The Debtor also owns a single family residential house in Cupertino. As the Debtor cannot afford payments on the Cupertino property, he will be surrendering this property to the lender, JP Morgan Chase, under the plan.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 22309 Stevens Creek Blvd. Cupertino, CA 95014

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 1,450,000 | 1st 1,630,000 | 88,000 | N/A | N/A | 0 |
|  | 2nd 144,081 |  |  |  |  |
|  | 3rd |  |  |  |  |

Real Property #2: 552-560 South Bascom Ave, San Jose, CA

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| 2,180,000 | 1st 2,036,717.4 | 125,000 | N/A | N/A | 0 |
|  | 2nd 150,000 |  |  |  |  |
|  | 3rd 3,000 |  |  |  |  |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash/DIP Account Funds | 30,000 | N/A | 19,250 (CCP 703.140(b)(5)) | 15,250 |
| Automobile #1 Chevrolet Astra, 2002 | 1000 | N/A | 1,000 (CCP 703.140(b)(2)) | 0 |
| Automobile #2 |  |  |  |  |
| Household Furnishings | 4,000 | N/A | 4,000 (CCP 703.140(b)(3)) | 0 |
| Jewelry | 1,300 | N/A | 1,300 (CCP 703.140(b)(4)) | 0 |
| Equipment |  |  |  |  |
| Stocks / Investments |  |  |  |  |

| Other Personal Property: | | | | |
|---|---|---|---|---|
| Store Inventory and office equipment (value of Burbank Savers) | 4,000 | N/A | 4,000(CCP 703.140(b)(5)) | 0 |
| Family hairlooms, clothing | 4,500 | N/A | 4,500(CCP 703.140(b)(5)) | 0 |
| TOTAL | | | | 15,250 |

| | |
|---|---|
| Net Proceeds of Real Property and Personal Property | 0 |
| Recovery from Preferences / Fraudulent Conveyances [ADD] | 0 |
| Chapter 7 Administrative Claims [SUBTRACT] | 0 |
| Chapter 11 Administrative Claims [SUBTRACT] | 9,000 |
| Priority Claims [SUBTRACT] | 3,355 |
| Chapter 7 Trustee Fees [SUBTRACT] | ~~815~~0 |
| Chapter 7 Trustee's Professionals [SUBTRACT] | 0 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | 2,~~080~~895 |

| | |
|---|---|
| Estimated Amount of Unsecured Claims (not including claims related to the avoidance of liens under the plan) | 81,047 |
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 14.8% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | ~~2~~3.6% |

**Exhibit 3 - Monthly Income and Expenses**

| Income | Amount |
|---|---|
| Gross Employment Income | |
| ~~Gross Business Income~~Gross Business Income (The Debtor derives this income from operating his Pawn Shop called "Burbank Savers" which occupies one of the units of the Burbank Property) | $4,000 |
| [OTHER INCOME - DESCRIBE] | |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 0 |
| **A. Total Monthly Income** | 4,000 |

| Expenses<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | 900 |
| Retirement Contributions (401k, IRA, PSP) | |
| Shelter Expenses (rent/mortgage, insurance, taxes, utilities) (Total Arrearages on Principal Residence are $_____) | ~~1800~~1200 |
| Household Expenses (food) | 500 |
| Transportation Expenses (car payments, insurance, fuel) | ~~340~~240 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 160 |
| Alimony / Child Support | |
| Other Expenses (Charitable contributions) | |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | ~~0~~690.5 |
| **B. Total Monthly Expenses** | 3,~~100~~690.5 |

| **C. Disposable Income** (Line A - Line B) | ~~300~~309.5 |
|---|---|

| Plan Payments<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | 0 |
| Priority Claims | 0 |
| General Unsecured Creditors | 200 |
| OTHER PLAN PAYMENTS:<br>Proposed plan payments to secured creditors related to the commercial property are included under Exhibit 5 analysis of Investment Property Cashflow | |

| | |
|---|---|
| **D. Total Plan Payments** | 200 |

| | |
|---|---|
| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | ~~100~~109.5 |

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | 30,000* |
| Payments on Effective Date |  |  |
| Unclassified Claims |  |  |
| Administrative Expense Claims | 9,000 |  |
| Priority Claims | 3,355 |  |
| Small Claims (Class 2(a)) | 271 |  |
| U.S. Trustee Fees |  |  |
| B. Total Payments on Effective Date |  | 12,626 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) |  | 17,374 |

* As of 01/07/2013 the Debtor has $33,062.97 in his DIP accounts. Those funds were accumulated during the bankruptcy from the business income received by the Debtor.

**Exhibit 5 - Investment Property Analysis**

**Properties with Positive Monthly Cash-Flow:**
**Properties with Negative Monthly Cash-Flow:**
Real Property #1 Income: 552-560 South Bascom Ave., San Jose, CA

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 17,~~230~~233 | 1st $12,211.15 (as proposed under the plan) | $695 | $1,435 current taxes plus $2,226.16 delinquent taxes to be repaid under the plan | $170 (utilities, phone) | ~~0~~($690.5) |
| | 2nd $1,186.19 (as proposed under the plan) | | | | |
| | 3rd | | | | |

| A. Total ~~Positive~~Negative Cash Flow | ~~0~~$690.5 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**
Real Property #3 Income: [Insert Address]

| ~~Rental Income~~ | ~~Mortgage~~ | ~~Insurance~~ | ~~Property Taxes~~ | ~~Other Expenses~~ | ~~Net Income~~ |
|---|---|---|---|---|---|
| | ~~1st~~ | | | | |
| | ~~2nd~~ | | | | |

| ~~B. Total Negative Cash Flow~~ | |
|---|---|